**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSH SPINKS, Jr., | No. 14-15645 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01886-AWI-SKO |
| v. | |
| E. LOPEZ, LVN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Rush Spinks, Jr., a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment because Spinks failed to raise a genuine dispute of material fact as to whether Lopez was deliberately indifferent in the post-operative treatment of Spinks's hemorrhoids. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence is insufficient to establish a constitutional deprivation).

The district court did not abuse its discretion in denying Spinks's motion to appoint an expert because Spinks's deliberate indifference claim was not so complex as to require an independent expert. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

The district court did not abuse its discretion in denying Spinks's motion for a postponement and additional discovery. *See Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (setting forth standard of review and explaining that a plaintiff must show that the discovery sought would have precluded summary judgment); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order).

14-15645

The district court did not abuse its discretion in declining to consider evidence that Spinks offered for the first time with his objections to the magistrate judge's findings and recommendations because the district court concluded that Spinks was capable of submitting evidence prior to his objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (setting forth standard of review and discussing circumstances under which a district court may decline to consider new evidence offered with objections to a magistrate judge's findings and recommendations).

Lopez's motion to strike Spinks's new evidence and argument on appeal, filed on February 12, 2015, is granted. Spinks's motion to supplement the record on appeal with additional documentary evidence, filed on March 2, 2015, is denied.

**AFFIRMED.**